UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BRADLEY STEVENS,

        Plaintiff,                                          No. 20-11074

v.                                                      Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 17, 2021 REPORT AND RECOMMENDATION [18]**

**I.    Background**

Plaintiff Scott Bradley Stevens filed this action seeking review of the Commissioner of Social Security's decision denying his application for disability insurance benefits. The Court referred the matter to Magistrate Judge Anthony P. Patti, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (ECF No. 18.) Plaintiff has filed one objection to the report and recommendation. (ECF No. 19.) Defendant has not filed a response to that objection. Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objection and ACCEPTS and ADOPTS the report and recommendation. Accordingly, the Court DENIES Plaintiff's motion for summary judgment (ECF No. 13), GRANTS Defendant's motion for summary judgment (ECF No. 16), and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

1

**II.     Standard of Review**

   **A.     *De Novo* Review of Objections**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

   **B.     Substantial Evidence Standard**

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

### III.     Analysis

Plaintiff objects to the Magistrate Judge's finding that the administrative law judge ("ALJ") in this case properly considered the opinion of Physical Therapist ("PT") Saraiya. Plaintiff acknowledges that the Magistrate Judge correctly noted that opinions from non-acceptable medical sources are not subject to any special deference but argues the ALJ did not provide a sufficiently detailed analysis as to why he assigned PT Saraiya's opinion no weight.  The Court agrees with the Magistrate Judge that the ALJ's analysis was sufficient.  Not only did the ALJ set forth the substance of the opinion, but he also explained it was "not consistent with or supported by the medical evidence of record."[1] (ECF No. 11, PageID.72.)  While this explanation was followed by a string cite to the record, the ALJ explicitly referred to the earlier discussion in which he had discussed the cited pieces of evidence in more detail.  (*See id.* at PageID.71-72.)  Even in the context of a treating physician's opinion, which is given special weight, "it is proper for the Court to read the ALJ's assessment of the . . . opinion together with the ALJ's decision as a whole."  *See Hughes v. Comm'r of Soc. Sec.*, No. 18-11168, 2019 U.S. Dist. LEXIS 113366, at *6 (E.D. Mich. July 9, 2019) (internal quotation marks and citation omitted). Thus, Plaintiff's objection is overruled, and the Court will affirm the Commissioner's decision as recommended by the Magistrate Judge.

---

[1] The Court's discussion focuses on PT Saraiya's January 2016 opinion.  The ALJ also made note of another opinion provided by the same source in October 2014 but assigned that opinion no weight because it was provided prior to the alleged onset date.  Plaintiff does not raise any specific argument with regard to this reasoning in his objection.

## IV.  Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  The Court therefore DENIES Plaintiff's motion for summary judgment (ECF No. 13), GRANTS Defendant's motion for summary judgment (ECF No. 16), and AFFIRMS the decision of the Commissioner of Social Security pursuant to § 405(g).

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: September 16, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 16, 2021, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager